23265

James L. PALM, Jr., Deceased, James Lewis Palm, Sandy Ann Palm, a Minor, Shirley Ann Palm Merritt, Rusty Lewis Palm, Minor, Julia Lucille Williams, Veronica Jean Palm Stewart, and Christy Lynn Palm, Minor, Plaintiffs v. GENERAL PAINTING COMPANY, INC., Employer, and United States Fidelity and Guaranty Company, Carrier, Defendants, of whom Sandy Ann Palm and Rusty Lewis Palm are now Petitioners, and of whom Christy Lynn Palm is now Respondent.

(396 S.E. (2d) 361)

Supreme Court

*James D. Calmes, III*, Greenville, *for petitioners.*

*Ronald S. Clement* and *Donald L. Pilzer*, Greenville, *for respondent.*

Heard May 3, 1989.

Decided Sept. 17, 1990.

*Per Curiam:*

This Court granted *certiorari* to review the decision of the Court of Appeals in *Palm v. General Painting Co., Inc.*, 296 S.C. 41, 370 S.E. (2d) 463 (Ct. App. 1988), in which the facts of the case are fully recited. The Court of Appeals relied upon

an exception to the collateral estoppel doctrine set forth in section 29, comment g of the Restatement (Second) of Judgments and held that respondent Christy Palm (Christy) was not precluded by prior family court actions from relitigating the issue of her paternity. We affirm as modified.

Christy was born to Veronica Palm Stewart (Veronica) in 1980 while Veronica was married to James Palm (James). James and Veronica were divorced in 1982. The divorce decree stated that Christy was not James' daughter. Christy was not a party to the divorce action nor was she represented therein by a guardian *ad litem*.[1]

Subsequently, Veronica married Bobby Stewart (Bobby). In 1985, Veronica and Bobby petitioned the family court to have Christy's name changed and her birth certificate amended to reflect Bobby as Christy's father. A guardian *ad litem* was appointed for Christy and he joined in the petition. No request was made in this action for termination of James' parental rights or adoption of Christy by Bobby. On April 1, 1985, the family court issued an order declaring Christy to be Bobby's daughter, changing Christy's name, and directing that her birth certificate be amended to reflect the changes. The issue before this Court is whether the Court of Appeals erred in concluding that the collateral estoppel doctrine did not apply to the namechange action.

The Court of Appeals held that the issue of Christy's paternity could reasonably have been resolved otherwise had the guardian *ad litem* contested the allegations of the petition and not joined in the prayer. Its finding was based upon the following exception to the collateral estoppel doctrine:

> A party is not precluded from relitigating an issue with another where "[t]he circumstances attending the determination of an issue in the first action may indicate that it could reasonably have been resolved otherwise if those circumstances were absent."

Restatement (Second) of Judgments § 29, comment g (1982).

We decline to adopt the Restatement exception at this time. However, we reach the same result as the Court of Appeals.

---

[1] There is no question that Christy is not bound by the divorce decree.

"Under the doctrine of collateral estoppel, . . . the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues 'actually and necessarily litigated in the first suit.' " *Price v. City of Georgetown*, 297 S.C. 185, 189, 375 S.E. (2d) 335, 338 (1988) (*quoting* Stewart, *Res Judicata and Collateral Estoppel in South Carolina*, 28 S.C.L.Rev. 451, 452 (1977)). It is clear here that, in the name change proceeding, the paternity question was not "actually litigated." Indeed, the lower court in the name change action merely relied upon the earlier divorce decree in establishing that Christy's birth certificate could be properly amended.

Accordingly, we conclude that the result reached by the Court of Appeals is proper for the reasons enunciated herein. The judgment of the lower court is therefore

Affirmed as modified.