23370

SOUTH CAROLINA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, Respondent v. WAL-MART STORES, INC., Appellant.

(403 S.E. (2d) 625)

Supreme Court

*Dana C. Mitchell, III,* and *David C. Cleveland* of *Mitchell, Bouton, Yokel & Edwards,* Greenville, *for appellant.*

*Herbert W. Hamilton* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for respondent.*

Submitted Oct. 23, 1990.

Decided April 1, 1991.

TOAL, Justice:

This appeal involves the application of offensive collateral estoppel to prevent the litigation of an issue which has been previously decided in another judicial proceeding. We find that the use of collateral estoppel was appropriate in this case and therefore affirm the trial court.[1]

The underlying dispute in this case involves the payment of workers' compensation benefits by the South Carolina Property and Casualty Insurance Guaranty Association (Guaranty) on behalf of the insolvent insurer for Wal-Mart Stores, Inc. A recitation of the factual background is necessary for an understanding of the issues in this case.

## FACTS

In 1985, Transit Casualty Insurance Company (Transit) provided workers' compensation coverage for all Wal-Mart stores throughout the country. On December 3, 1985, Transit was declared insolvent and its license to transact business in South Carolina was revoked on December 6, 1985.

Prior to insolvency, a dispute arose between Wal-Mart and Transit about the compensation policies. Wal-Mart filed a declaratory judgment action in Arkansas in February 1985, to

---

[1] Subsequent to oral argument, Wal-Mart moved to dismiss this action for lack of subject matter jurisdiction. The motion was based upon this Court's recent decision in *Labouseur v. Harleysville Mutual Insurance Company and R.V. Chandler & Sons, Inc.,* — S.C. —, 397 S.E. (2d) 526, (S.C. Sup. Ct. filed 1990). The motion is denied for the reasons discussed herein.

establish its rights under the policies. In a decision issued in the fall of 1988, the Eighth Circuit Court of Appeals ruled that the contract was illegal and unenforceable and hence void.

The Eighth Circuit found that Transit's agent had offered to provide workers' compensation coverage for all Wal-Mart employees for a flat guaranteed premium of $3,500,000.00. To reach this figure, Transit's agent, with Wal-Mart's knowledge, reduced substantially the payroll figure upon which the rates are supposed to be based. Therefore, the policy materially misrepresented information which is required to be reported to appropriate state regulatory agencies, thereby violating state statutory laws. The court found that both Transit and Wal-Mart were aware of the illegality of the agreement and applied the doctrine of *in pari delicto*, with the result that the parties were in the same position as if a contract had never been executed.

In the meantime, the South Carolina Property and Casualty Insurance Guaranty Association had received notification of Transit's insolvency and began to process Wal-Mart's compensation claims. Guaranty was created by the legislature in 1956 pursuant to S.C. Code Ann. § 38-31-10. The purpose of the Guaranty is to provide payment for the covered claims of insolvent insurers. Between January 3, 1986 and November 28, 1988, Guaranty handled 36 claims against Transit's Wal-Mart coverage. Guaranty paid benefits for 13 of those claims.

Guaranty received notice on September 1, 1988, of the Eighth Circuit's decision that the contract was illegal. Guaranty therefore sent all of the claim files to Wal-Mart on November 28, 1988, and immediately filed this action to recover the expenses incurred and payments made on behalf of Wal-Mart on the grounds that the claims were not "covered" as required under the statute.

Wal-Mart alleged that Guaranty's payments were proper and counterclaimed to require Guaranty to continue coverage. Both parties filed motions for summary judgment on the question of liability alone. On October 6, 1989, the trial court granted Guaranty's motion for partial summary judgment on the ground that Wal-Mart is collaterally estopped by the Eighth Circuit decision from denying the illegality and unenforceability of its workers' compensation agreement with

Transit. The trial court also rejected Wal-Mart's *in pari delicto* defense. Wal-Mart appeals.

## DISCUSSION

### 1. *Offensive Use of Collateral Estoppel*

Wal-Mart contends that the trial court erred in granting Guaranty summary judgment precluding Wal-Mart from litigating the validity of the compensation contract. We disagree.

The offensive use of collateral estoppel was first adopted in this State by our Court of Appeals in *Beall v. Doe*, 281 S.C. 363, 315 S.E. (2d) 186 (Ct. App. 1984). Collateral estoppel occurs when a party in a second action seeks to preclude a party from relitigating an issue which was decided in a previous action. The Court of Appeals adopted the general rule and exceptions as set forth in Restatement (Second) of Judgments, §§ 27, 28 and 29 (1982). Section 27 provides that when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. Section 28 provides five exceptions to this general rule. Section 29 discusses when collateral estoppel may be used by a person who was not a party in the first action. Nonmutual collateral estoppel may be asserted unless the party precluded lacked a full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him the opportunity to relitigate the issue. Eight circumstances are provided which should be considered in addition to the exceptions in Section 28.

We hereby adopt the general rule as set forth in the Restatement, and find that the offensive use of collateral estoppel is appropriate in this case. The illegality of the contract has been actually litigated and directly determined in the prior action and that issue was essential to the judgment.

Wal-Mart contends the determination relied on as preclusive is inconsistent with another determination of the same issue, relying upon the Restatement (Second) of Judgments § 29(4). The inconsistent decisions to which Wal-Mart refers are the district court's decision and the appellate decision of the

same case. Clearly these decisions are not inconsistent, the appellate decision is the final decision of that case.

Wal-Mart next argues, pursuant to Restatement (Second) of Judgments § 28(4), that the burden of persuasion has shifted from the party opposing collateral estoppel to its adversary, and that therefore collateral estoppel is inappropriate. We reject this argument. In the Arkansas lawsuit, Wal-Mart argued that the contract was legal and enforceable. That is still their position. They failed to prove the legality of the contract in the previous proceeding.

Wal-Mart next contends, relying upon the Restatement (Second) of Judgments § 29(7), that the issue is one of law and treating it as conclusively determined would inappropriately foreclose the opportunity for obtaining reconsideration of the legal rule upon which it is based. Wal-Mart argues that South Carolina law should be considered in reaching a determination on these issues.

Wal-Mart has raised equitable arguments concerning Guaranty's actions. Specifically, Wal-Mart argues that South Carolina law should be considered in determining the issues of waiver, estoppel and unclean hands. Guaranty's actions are, however, immaterial to the legality of the contract. Guaranty was not involved with this matter until several years after the formation of the contract and, therefore, its actions could not have an effect on that issue.

On the specific issue of the legality of the contract, the Eighth Circuit considered South Carolina workers' compensation laws and found the contract to be in violation of these laws. *See Wal-Mart Stores, Inc. v. Crist*, 855 F. (2d) 1326, 1333 notes 7 and 8. (8th Cir. 1988).

Wal-Mart lastly contends that other compelling circumstances make it appropriate that it be permitted to relitigate the issue. Restatement (Second) of Judgments § 29(7). This Court has refused to adopt comment g of this Restatement Section recently, which comment relates to § 29(7). *See Palm v. General Painting Co.*, — S.C. —, 396 S.E. (2d) 361 (1990). Wal-Mart asserts that equitable considerations such as Guaranty's unclean hands justify relitigation. We disagree. Moreover, we note that Guaranty's actions had nothing to do with the formation of the contract between Wal-Mart and Transit. Therefore, we believe that the trial court should have granted

full summary judgment for Guaranty, and the lower court's order is modified accordingly.

## 2. *In Pari Delicto Defense*

Wal-Mart contends that the trial court erred in granting summary judgment for Guaranty on Wal-Mart's defense *in pari delicto.* We disagree.

Wal-Mart argues that Guaranty stands in the shoes of Transit and that it cannot recover because of Transit's bad acts. We find that this is not the intent of the statutes.

Section 38-31-60(b) provides in pertinent part:

> [Guaranty] is considered the insurer to the extent of its obligation on the covered claims and, to this extent, has all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.

Guaranty has no rights or obligations to claims which are not covered. The trial court found, therefore, that when it was determined that the claims were not covered, Guaranty could not be considered the insurer nor could it be bound by Transit's actions.

Wal-Mart argues that its position is based on § 38-31-90(1) rather than § 38-31-60. This section states that Guaranty has no cause of action against the insured except for amounts that would have been paid by the insolvent insurer. Wal-Mart argues that Transit would not have paid anything because of the illegal contract and therefore Guaranty cannot recover anything from Wal-Mart.

We find that this section, as all others in this article, is triggered by a "covered claim." Without a covered claim, the insolvent insurer would not be liable for payment of any claims. We therefore agree with the decision of the trial court.

## 3. *Subject Matter Jurisdiction*

Subsequent to oral argument, Wal-Mart moved to dismiss this action for lack of subject matter jurisdiction. Wal-Mart contends that the Workers' Compensation Commission has exclusive jurisdiction over this action and cites *Labouseur, supra,* as authority. We disagree.

In *Labouseur,* we held that issues which are ancillary to an employee's claim for compensation are within the exclusive

jurisdiction of the Commission. Here, the claims for thirteen employees have been determined by the Commission and benefits have been paid. These claims are therefore no longer pending. The record is unclear as to the status of other employee claims. Furthermore, the issues raised by Guaranty are not ancillary to any matter currently being decided by the Commission and therefore the issues are not within the exclusive jurisdiction of the Commission. With regard to any other claims which may arise, we hold that this decision shall control future decisions concerning the coverage of Wal-Mart's employees' claims.

For the reasons discussed above, the lower court is AFFIRMED.

GREGORY, C.J., and HARWELL, CHANDLER, and FINNEY, JJ., concur.