503 S.E.2d 161

**The STATE, Respondent,**

v.

**Robert Lee BACOTE, Petitioner.**

No. 24794.

Supreme Court of South Carolina.

Heard April 21, 1998.
Decided June 1, 1998.

Stephen P. Groves, Sr., and Stephen L. Brown, both of Young, Clement, Rivers & Tisdale, L.L.P., Charleston; and Reese I. Joye and John L. Drennan, both of Joye Law Firm, L.L.P., North Charleston, for petitioner.

Assistant Solicitor Brent A. Gray, Moncks Corner, for respondent.

MOORE, Justice:

Petitioner sought a writ of certiorari to review the Court of Appeals' decision in *State v. Bacote*, Op. No. 97–UP–105 (S.C.Ct.App. filed February 6, 1997). We affirm.

## FACTS

After petitioner was arrested for driving under the influence (DUI) on June 26, 1994, he refused to take the breathalyzer test. He requested an administrative hearing from the South Carolina Department of Public Safety (SCDPS) to determine whether his license should be automatically suspended under the implied consent statute, S.C.Code Ann. § 56–5–2950 (Supp.1996). Because the arresting officer did not appear at the administrative hearing, the hearing officer rescinded petitioner's automatic suspension.

Prior to petitioner's DUI trial, petitioner moved to suppress evidence regarding his refusal to take the breathalyzer test. The trial judge ruled collateral estoppel applied and held evidence petitioner refused the breathalyzer should be suppressed based upon the administrative hearing and subsequent dismissal of the automatic suspension. The State immediately appealed. The Court of Appeals reversed.

## ISSUE

Did the Court of Appeals err in holding the trial judge erroneously suppressed petitioner's refusal to take the breathalyzer?

## DISCUSSION

■ Under § 56–5–2950, a defendant may request a hearing to determine whether the defendant was placed under arrest, was informed that he could refuse the test whereupon his driving privileges would be suspended, and actually refused to take the test. If a hearing is requested the ninety-day suspension does not begin until after the hearing and the suspension is sustained.

The Court of Appeals relied upon its decision in *Shelton v. Oscar Mayer Foods Corp.*, 319 S.C. 81, 459 S.E.2d 851 (Ct. App.1995), and held collateral estoppel did not apply to administrative hearings held pursuant § 56–5–2950. In *Shelton,* the issue was whether an administrative finding of the Employment Security Commission (ESC) was binding in the employee's subsequent wrongful termination suit. Based upon the limited nature of the ESC's hearing, the Court of Appeals held the ESC's findings were not binding. We reviewed the Court of Appeals' decision in *Shelton* and affirmed. *Shelton v. Oscar Mayer Foods Corp.*, 325 S.C. 248, 481 S.E.2d 706 (1997). We agreed the nature of the ESC's hearing was limited and the ESC's findings should not be used as collateral estoppel in a subsequent civil action. In *Shelton,* we held if an issue decided at the ESC hearing could be used against an employer in a subsequent action, the hearing would become a full-blown trial on the issue of termination defeating the purpose which is to quickly provide an unemployed person some income.

We have previously adopted the general rule of collateral estoppel as set forth in the Restatement (Second) of *Judgments* § 27 (1982) in *South Carolina Prop. & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.*, 304 S.C. 210, 403 S.E.2d 625 (1991). Section 27 states: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim." *See also*

*Palm v. General Painting Co., Inc.,* 302 S.C. 372, 396 S.E.2d 361 (1990) (citations omitted) ("Under the doctrine of collateral estoppel, ... the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues 'actually and necessarily litigated in the first suit.' ").

In the context of a default judgment, collateral estoppel or issue preclusion does not apply because an essential element of that doctrine requires that the claim sought to be precluded actually have been litigated in the earlier litigation. 50 C.J.S. *Judgments* § 797 (1997). Thus, here, the license revocation hearing would not preclude the introduction of evidence regarding petitioner's refusal to take the breathalyzer because the issue was never actually litigated in the administrative proceeding. *See State v. Lewry,* 550 A.2d 64 (Me.1988) (order entered by default in license suspension proceeding has no collateral effect in prosecution for DUI since the order was not the result of actual litigation on the issue on the merits); *State v. Purvis,* 739 S.W.2d 589 (Mo.App.1987) (to be barred by collateral estoppel an issue must have been actually litigated as distinguished from a judgment rendered upon some preliminary or technical point, or by default and without trial).

■■■ Even had the issue actually been litigated, we hold collateral estoppel does not apply to issues decided at administrative hearings held pursuant to § 56–5–2950. The doctrine of collateral estoppel is intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the notion that it is unfair to permit a party to relitigate an issue that has already been decided. Since it is grounded upon concepts of fairness, it should not be rigidly or mechanically applied. *In re Juan C. v. Cortines,* 89 N.Y.2d 659, 679 N.E.2d 1061, 657 N.Y.S.2d 581 (1997). *See also* 50 C.J.S. *Judgments* § 779 (1997). Thus, even if all the requirements of issue preclusion are met, when unfairness or injustice results or public policy requires it, the doctrine's application may be precluded. *Id.*

Section 28 of the Restatement (Second) of Judgments (1982), which we also adopted in *South Carolina Prop. & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, supra,* provides, in pertinent part:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them . . .

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of the adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

In *State v. Williams,* 76 Ohio St.3d 290, 667 N.E.2d 932 (1996), the Ohio Supreme Court held that pursuant to § 28(3) and (5) of the Restatement, an administrative license revocation proceeding does not preclude litigation of the same issue in a criminal prosecution. The court pointed out the limited nature of the administrative proceeding and its informality and also relied upon the adverse impact that collateral estoppel would have in the criminal proceedings if it were allowed (i.e. the State would be forced to treat the administrative hearing as an initial and essential part of the criminal trial).

Other jurisdictions have similarly held the state does not have a full and fair opportunity to litigate issues during a license revocation proceeding, and it would be unfair to preclude the state from litigating such issues during a subsequent criminal trial. *See People v. Moore,* 138 Ill.2d 162, 149 Ill.Dec. 278, 561 N.E.2d 648 (1990); *People v. Lalka,* 113 Misc.2d 474, 449 N.Y.S.2d 579 (1982). We agree with the reasoning applied in these cases. The summary nature of the typical license revocation hearing makes determinations from such a hearing

inappropriate for the application of collateral estoppel. *Moore, supra.*

Moreover, if every license revocation hearing carries with it potential collateral estoppel impact on a subsequent criminal action, the State may feel compelled to intervene in every administrative action to effectively protect its interests in some future criminal proceeding. The net effect would be to slow down what should be a summary administrative proceeding designed to handle license revocation matters quickly. Accordingly, the Court of Appeals' decision is

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.