**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jorge V. Esguerra, Appellant,

v.

Jamie V. Brown, individually and d/b/a Southeastern Services, Robert Baroni, Boyd R. Laughlin and Associated Construction Consultants, Inc., Defendants,

Of whom Robert Baroni, Boyd R. Laughlin and Associated Construction Consultants, Inc. are, Respondents.

Appellate Case No. 2010-174706

---

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in -Equity

---

Memorandum Opinion No. 2012-MO-047
Heard October 4, 2012 – Filed November 21, 2012

---

**AFFIRMED**

---

Sean Michael Bolchoz, of Hale & Bolchoz,  of Hilton Head Island, for Appellant.

James Frederick Berl, of Law Offices of James F. Berl, of Hilton Head Island, and John William Farrell, of Hilton Head Island, for Respondents.

---

**PER CURIAM:** Appellant sued defendant Brown and respondents Baroni, Laughlin, and Associated Construction Consultants, Inc. (ACCI) for damages incurred when Brown renovated appellant's vacation condominium on Hilton Head Island. After a non-jury trial, the master found for appellant on all his claims against Brown and awarded him $307,520.73 in damages and attorney's fees. He found for respondents on all issues, and appellant appeals. We affirm.

## FACTS

Appellant, an Ohio resident, hired Brown d/b/a Southeastern Services to renovate appellant's condo. Brown, who was not properly licensed, approached Baroni, seeking to have Baroni and his company, ACCI, assist him in obtaining a building permit for the project. While Baroni initially rebuffed Brown, he met with Brown later and conditionally agreed to help him "pull" a permit from the town of Hilton Head.

It is uncontested that Brown eventually obtained a building permit from Hilton Head for appellant's project using ACCI's information. When Brown's work on the renovations was unsatisfactory, appellant reported Brown to the South Carolina Department of Labor, Licensing, and Regulation's Contracting Board (LLR). Brown admitted he was not licensed, and eventually was cited by LLR for several statutory violations arising out of his work on appellant's condo.

In the course of LLR's investigation into Brown's licensure, LLR's attention was drawn to respondent Baroni and ACCI and their relationship to Brown in connection with appellant's renovations. Following an investigation, Baroni and ACCI entered a Consent Agreement admitting they unlawfully lent their license[1] to Brown. Under the terms of this Agreement, Baroni and ACCI agreed to pay a $1,000 penalty and to be placed on probation for one year.

---

[1] See S.C. Code Ann. § 40-11-110(A)(9) (2011).

## ISSUES

1. Did the master err in refusing to allow appellant to invoke non-mutual collateral estoppel on the issue of license lending?

2. Did the master err in finding appellant failed to prove respondents were the proximate cause of his damages?

## ANALYSIS

Pursuant to the doctrine of collateral estoppel, a party may be precluded from relitigating an issue decided in a previous action. Non-mutual collateral estoppel may be asserted by a non-party to the first action in the second action, unless the party sought to be precluded lacked a full or fair opportunity to litigate the issue in the first action, or there are other circumstances that justify permitting the party to relitigate the issue in the second case. *South Carolina Prop. and Cas. Ins. Guar. Ass'n v. Wal-Mart Stores, Inc.*, 304 S.C. 210, 403 S.E.2d 625 (1991). Circumstances which may justify relitigation, and thus deny a party non-mutual offensive collateral estoppel, are found in the Restatement (Second) of Judgments § 28 and § 29. *Id.*

Here, the master concluded that two exceptions found in § 28 applied. Assuming without deciding that this was error, appellant must also demonstrate the master erred in finding Brown's negligent work rather than respondents' license lending and other alleged statutory violations were the proximate cause of appellant's damages. *See*, *e.g.*, *Madison ex rel. Bryant v. Babcock Center, Inc.*, 371 S.C. 123, 638 S.E.2d 650 (2006) (proximate cause requires proof of both causation in fact and legal cause). The question of proximate cause is ordinarily for the finder of fact. *Id.*

This is an action at law tried to a judge alone. In this type of case, the credibility of witnesses and the weight of the evidence is exclusively for the master. *Regions Bank v. Strawn*, ____ S.C. ____, ____ S.E.2d ____ (Ct. App. 2012). We find there is evidence in the record supporting the master's finding that respondents' statutory violations were not the proximate cause of appellant's damages. *Id.*; *Madison ex rel. Bryant*, *supra*.

## CONCLUSION

The order of the master is

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**