746 S.E.2d 360

**J. Scott KUNST, Appellant,**

v.

**David LOREE, Respondent.**

**Appellate Case No. 2011–199507.**
**No. 5163.**

Court of Appeals of South Carolina.

Heard May 9, 2013.
Decided Aug. 14, 2013.

650

J. Scott Kunst, pro se, of Simpsonville.

T.S. Stern, Jr. and Violet Elizabeth Wright, both of Covington Patrick Hagins Stern & Lewis, P.A., of Greenville, for Respondent.

WILLIAMS, J.

J. Scott Kunst appeals the circuit court's grant of summary judgment on his defamation cause of action against David Loree. On appeal, Kunst argues the circuit court improperly applied the doctrine of collateral estoppel when dismissing his defamation claim. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

This case arises out of the construction of a lake home on Lake Keowee in Pickens County, South Carolina. Richard and Barbara Gaby ("the Gabys") hired Kunstwerke Corpora-

tion ("Kunstwerke") to construct a residence in the Reserve on Lake Keowee. Kunst is the sole owner of Kunstwerke.

In early 2006, disputes arose when the Gabys began to suspect Kunst was not paying subcontractors for completed work on their lake home. The Gabys instructed an employee, David Loree, to investigate their suspicions. Loree contacted a number of subcontractors and vendors who worked on the Gabys' lake home and questioned them about whether they had been paid. From this investigation, Loree concluded that, although the Gabys made timely payments to Kunst, Kunst failed to make the proper payments to the subcontractors and vendors. Loree also concluded that Kunst overcharged the Gabys for work provided by certain subcontractors.

On May 3, 2006, the Gabys brought suit (the "Gaby Action") against Kunstwerke and Kunst, individually, alleging breach of contract, breach of contract accompanied by a fraudulent act, breach of fiduciary duty, conversion, and violation of the South Carolina Unfair Trade Practices Act. The defendants failed to timely answer the Gabys' complaint, and the Gabys filed a motion for entry of default. On June 20, 2006, the circuit court issued an order of default. Thereafter, Kunst and Kunstwerke filed a motion for relief from default, claiming their failure to respond was excusable and that meritorious defenses existed. On December 7, 2006, the circuit court heard arguments on this motion and denied relief from the default.

On March 13, 2007, the circuit court held a hearing to determine damages in the Gaby Action. The Gabys presented testimony from four witnesses at this damages hearing, including testimony from Loree. Kunstwerke's counsel and Kunst, who proceeded pro se, were allowed to extensively cross-examine each of these witnesses. On May 16, 2007, the circuit court entered an order finding the Gabys had "presented sufficient evidence to establish their claims fully." The order states the circuit court "start[ed] with the premise that all facts relating to the pertinent causes of action [were] admitted." The circuit court awarded the Gabys $353,993.91 in actual damages, $70,798 in punitive damages, and $35,807.41 in attorney's fees and costs.[1]

---

1. Following this order, Kunst appealed the circuit court's denial of his motion for relief from default and the award of damages to this court.

On December 19, 2006, shortly after the motion for relief from default was denied, Kunst brought the current action against the Gabys and Loree, alleging defamation, tortious interference, and intention infliction of emotional distress. In his complaint, Kunst alleged the Gabys and Loree damaged his reputation and the reputation of Kunstwerke during their investigation leading up to the Gaby Action.

On April 14, 2007, the circuit court issued an order dismissing Kunst's causes of action against the Gabys on the basis that these causes of action were compulsory counterclaims under Rule 13(a), SCRCP, that should have been brought in the Gaby Action and were therefore barred under the doctrine of collateral estoppel.[2] As a result of this April 2007 order, the only causes of action remaining were those against Loree. On March 9, 2009, the circuit court issued an order granting Loree summary judgment on Kunst's tortious interference and intentional infliction of emotional distress claims. Kunst's defamation claim against Loree was the sole remaining cause of action.

On October 19, 2010, the circuit court issued an order dismissing Kunst's defamation claim against Loree. In dismissing this cause of action, the circuit court reasoned that truth is an absolute defense to defamation and "[t]he issue of the truth of the statements allegedly made by Loree was necessary to support the prior judgment and damages in the [Gaby Action]." Accordingly, the circuit court found the veracity of Loree's statements had been "actually litigated" during the Gaby Action and, therefore, the doctrine of collateral estoppel barred Kunst from relitigating this matter.

On November 12, 2010, Kunst filed a lengthy motion "to reconsider or amend," arguing, in part, that the circuit court deviated from South Carolina case law in applying collateral estoppel to a default judgment. This appeal followed.

---

This court affirmed the circuit court's denial of Kunst's motion for relief from default and award of actual and punitive damages. *See Gaby v. Kunstwerke Corp.,* Op. No. 2009–UP–028 (S.C.Ct.App. filed Jan. 9, 2009). Kunst then sought a writ of certiorari from our supreme court, which was denied on June 10, 2010.

2. Kunst does not appeal this order in the instant appeal.

## STANDARD OF REVIEW

"An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court under Rule 56(c), SCRCP." *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009). Rule 56(c) provides a circuit court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Rule 56(c), SCRCP). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Hancock v. Mid–South Mgmt. Co.*, 381 S.C. 326, 329–30, 673 S.E.2d 801, 802 (2009). To withstand a motion for summary judgment "in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence." *Id.* at 330, 673 S.E.2d at 803.

## LAW/ANALYSIS

■ Kunst argues the circuit court erred in granting summary judgment by applying the doctrine of collateral estoppel based upon the default judgment rendered against him in the Gaby Action. We agree.

■ Under South Carolina law, "[c]ollateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct.App.2009). "The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Id.* "While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the

issues." *Snavely v. AMISUB of S.C., Inc.,* 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct.App.2008).

In *State v. Bacote,* our supreme court stated:

> We have previously adopted the general rule of collateral estoppel as set forth in the Restatement (Second) of *Judgments* § 27 (1982) in *South Carolina Prop. & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 304 S.C. 210, 403 S.E.2d 625 (1991). Section 27 states: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim." *See also Palm v. General Painting Co., Inc.,* 302 S.C. 372, 396 S.E.2d 361 (1990) (citations omitted) ("Under the doctrine of collateral estoppel, ... the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues 'actually and necessarily litigated in the first suit.' ").

> In the context of a default judgment, collateral estoppel or issue preclusion does not apply because an essential element of that doctrine requires that the claim sought to be precluded actually have been litigated in the earlier litigation. 50 C.J.S. *Judgments* § 797 (1997).

331 S.C. 328, 330–31, 503 S.E.2d 161, 162–63 (1998).

In *Bacote,* a defendant charged with driving under the influence moved to suppress evidence regarding his refusal to take a breath test. *Id.* at 329, 503 S.E.2d at 162. Prior to his trial, an administrative hearing was held to determine whether the defendant's license would be automatically suspended under section 56–5–2950 of the South Carolina Code. *Id.* The arresting officer failed to appear at this hearing and, as a result, the hearing officer rescinded the defendant's suspension. *Id.* At trial, the circuit court granted the defendant's motion to suppress, finding the State was collaterally estopped from introducing evidence of his refusal to take a breath test based upon the rescission of his license suspension at the administrative hearing. *Id.* The State appealed, and the court of appeals reversed. *Id.* The supreme court agreed and held that an administrative license revocation proceeding does not

preclude litigation of the same issues in ensuing criminal prosecution. *Id.* at 331, 503 S.E.2d at 163.

In reaching this conclusion, the supreme court first found that "[i]n the context of a default judgment, collateral estoppel or issue preclusion does not apply because an essential element of that doctrine requires that the claim sought to be precluded actually have been litigated in the earlier litigation." *Id.* The supreme court went on to state, "Even had the issue actually been litigated, we hold collateral estoppel does not apply to issues decided at administrative hearings held pursuant to § 56–5–2950." *Id.* In support of this alternative ground, the court relied upon two exceptions to the general rule regarding issue preclusion. *Id.* at 331–32, 503 S.E.2d at 163 (relying upon the fairness and public policy exceptions found in section 28 of the Restatement (Second) of Judgments).

 In the instant case, the circuit court found *Bacote* was distinguishable from the facts of the current case and, thus, did not apply. The circuit court also found that language in *Bacote* regarding the application of default judgments to the doctrine of collateral estoppel was dicta and thus not controlling. Following out-of-state precedent, the circuit court determined that the doctrine of collateral estoppel could be applied "in default cases as to matters essential to the [prior] judgment." We disagree and hold South Carolina jurisprudence overwhelmingly supports the position that the doctrine of collateral estoppel cannot be applied to default judgments to preclude subsequent litigation.

First, we find the circuit court erred in interpreting *Bacote* in its order granting summary judgment. The circuit court found the language in *Bacote* addressing the application of collateral estoppel to default judgments was dicta, as opposed to controlling precedent. We disagree and read *Bacote* as offering two separate but equally viable grounds. *See Bacote,* 331 S.C. at 331, 503 S.E.2d at 163 (*"Even had the issue actually been litigated,* we hold collateral estoppel does not apply [to the current action]." (emphasis added)).

Both federal courts and other state courts have interpreted *Bacote* as establishing the rule that default judgments cannot be used to preclude subsequent litigation under the doctrine of

collateral estoppel. *See In re Springhart,* 450 B.R. 725, 727 (Bankr.S.D.Ohio 2011) ("After reviewing the doctrine of collateral estoppel or issue preclusion, as adopted in South Carolina, the court concludes that the default judgment and order awarding damages cannot be afforded preclusive effect.... First, South Carolina does not allow default judgments to have preclusive effect under the collateral estoppel doctrine because no issues were actually litigated."); *Powell v. Lane,* 375 Ark. 178, 289 S.W.3d 440, 451 (2008) (Wills, J., dissenting) (citing *Bacote* as an example of state law which "adhere[s] to the general rule" that default judgments cannot be used under the doctrine of collateral estoppel).

Additionally, South Carolina jurisprudence regarding collateral estoppel strongly supports the position in *Bacote.* South Carolina courts have consistently followed the Restatement (Second) of Judgments with regard to the issue of collateral estoppel. *See, e.g., S.C. Prop. & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 304 S.C. 210, 213, 403 S.E.2d 625, 627 (1991) (adopting the general rule set forth in the Restatement for offensive use of collateral estoppel); *Beall v. Doe,* 281 S.C. 363, 370, 315 S.E.2d 186, 190 (Ct.App.1984) ("[A] fair rule regarding the application of issue preclusion in subsequent litigation with different parties is the rule recently formulated by the American Law Institute [in the Restatement (Second) of Judgments]."). The Restatement takes the position that default judgments have not been "actually litigated," and therefore cannot be used as the basis for collateral estoppel in subsequent actions. *See* Restatement (Second) of Judgments § 27 cmt. e (1982) ("In the case of a judgment entered by ... default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action."). Some courts have applied the doctrine of collateral estoppel in default cases as to matters that are essential to the judgment. *See, e.g., In re Byard,* 47 B.R. 700, 706 (Bankr.M.D.Tenn.1985) (finding that, under Kansas law, a default judgment would preclude relitigation of issues "determined and necessary" to that judgment). However, the Restatement's position is the view taken by the majority of the courts throughout our nation. *See Powell,* 289 S.W.3d at 450 (Wills, J., dissenting) (stating that the "majority view" is that default judgments cannot serve as the basis for collateral

estoppel); 50 C.J.S. *Judgments* § 1049 (2013) ("Although a party against whom a default judgment is entered certainly had an opportunity to litigate, *most courts* have concluded that an opportunity to litigate should not be given the same effect as actual litigation . . . . " (emphasis added)).

Second, we find the circuit court erred in holding that *Bacote* and the current case were factually distinguishable. The circuit court found that, unlike *Bacote* in which the State did not participate in the administrative hearing resulting in default, Kunst actively took part in the damages hearing in the Gaby Action. The circuit court determined this participation in the damages hearing afforded him a "full and fair opportunity to be heard." We disagree.

Some courts adhering to the general rule that default judgments cannot be used to establish collateral estoppel have recognized an exception when a party extensively participated in litigation. *See, e.g., In re Ragucci,* 433 B.R. 889, 895 (Bankr.M.D.Fla.2010) ("[When] a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently [chose] not to do so, it is not an abuse of discretion to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action." (alterations and internal quotation marks omitted)); *Insituform Techs., Inc. v. AMerik Supplies, Inc.,* 850 F.Supp.2d 1336, 1362 (N.D.Ga.2012) (finding when a defendant has substantially participated in a lawsuit and "is defaulted as a sanction for dilatory or obstructive conduct," the "actually litigated" requirement is met, and it is within the court's discretion to apply collateral estoppel). However, this exception has not been recognized under South Carolina case law.

Further, we find this exception would not apply to the facts of this case. Although Kunst participated in the damages hearing by cross-examining witnesses called by the Gabys, it appears he was not afforded the opportunity to testify or to call witnesses to testify on his behalf. Kunst was also not allowed to participate in any discovery on this matter. In addition, because Kunst was in default, the circuit court "start[ed] with the premise that all facts relating to the pertinent causes of action [were] admitted." Accordingly, we

hold Kunst was not presented with a fair opportunity to "actually litigate" the veracity of Loree's alleged statements to others.

Accordingly, we hold the doctrine of collateral estoppel cannot be applied to default judgments because the essential element requiring the claim sought to be precluded actually have been litigated in the earlier action is not met. Therefore, we find the circuit court erred in ruling Kunst's defamation claim was precluded under the doctrine of collateral estoppel based upon the default judgment rendered in the Gaby Action.[3] Accordingly, we reverse the circuit court's grant of summary judgment on Kunst's defamation claim.

## CONCLUSION

Based on the foregoing, the circuit court's order granting summary judgment is **REVERSED AND REMANDED.**

HUFF and KONDUROS, JJ., concur.

---

**3.** Kunst raises several additional arguments on appeal. However, because we find his first issue dispositive of this appeal, we decline to address his remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).