776 S.E.2d 434

STONELEDGE AT LAKE KEOWEE OWNERS' ASSOCIATION, INC., C. Dan Carson, Jeffrey J. Dauler, Joan W. Davenport, Michael Furnari, Donna Furnari, Jessy B. Grasso, Nancy E. Grasso, Robert P. Hayes, Lucy H. Hayes, Ty Hix, Jennifer D. Hix, Paul W. Hund, III, Ruth E. Isaac, Michael D. Plourde, Mary Lou Plourde, Carol C. Pope, Steven B. Taylor, Bette J. Taylor, and Robert White, individually and on Behalf of all others similarly situated, Plaintiffs,

v.

BUILDERS FIRSTSOURCE–SOUTHEAST GROUP, IMK Development Co., LLC, Keowee Townhouses, LLC, Ludwig Corporation, LLC, SDI Funding, LLC, Medallion at Keowee, LLC, Bradford D. Seckinger, John Ludwig, Larry D. Lollis, William C. Cox, Integrys Keowee Development, LLC, Marick Home Builders, LLC, M Group Construction and Development, LLC,

---

Bostic Brothers Construction, Inc., Rick Thoennes, Mel Morris, Joe Bostic, Jeff Bostic, Clear View Construction, LLC, Michael Franz, MHC Contractors, Miguel Porras Choncoas, Mike Green, Southern Concrete Specialties, Carl Compton d/b/a Compton Enterprise a/k/a Compton Enterprises, Gunter Heating & Air, All Pro Heating, A/C & Refrigeration, LLC, Coleman Waterproofing, Heyward Electrical Services, Inc., Tinsley Electrical, LLC, Hutch N Son Construction, Inc., Carl Catoe Construction, Inc., T.G. Construction, LLC, Delfino Construction, Francisco Javier Zarate d/b/a Zarate Construction, Alejandro Avalos Cruz, Herberto Acros Hernandez, Martin Hernandez–Aviles, Francisco Villalobos Lopez, Ambrosio Martinez–Ramirez, Ester Moran Mentado, Socorro Castillo Montel, Upstate Utilities, Inc., Southern Basements, Inc., MJG Construction and Homebuilders, Inc. d/b/a MJG Construction, KMAC, Inc., d/b/a KMAC North Carolina, Eufacio Garcia, Everado Jarmamillio, Garcia Parra Insulation, Inc., J & J Construction, Jose Nino, Jose Manuel Garcia, Eason Construction, Inc., and Vincent Morales d/b/a Morales Masonry, Miller/Player & Associates, Defendants,

Of whom Marick Home Builders, LLC, and
Rick Thoennes are the Appellants,

And Builders FirstSource–Southeast Group, Southern Concrete Specialties, Inc., Clear View Construction, LLC, and
Michael Franz are the Respondents,

Bostic Construction, Inc., Third Party Plaintiffs,

v.

Southern Stone, Inc. and Buck Smith Construction,
Third Party Defendants.

Appellate Case No. 2013–001404.

Nos. 5344, 2013–001404.

Court of Appeals of South Carolina.

Heard June 4, 2015.

Decided Aug. 19, 2015.

Rehearing Denied Sept. 14, 2015.

See also 413 S.C. 615, 776 S.E.2d 426, 2015 WL 4925497.

Jason Michael Imhoff and Carl Reed Teague, The Ward Law Firm, PA, both of Spartanburg, for appellants.

Robert T. Lyles, Jr., Lyles & Lyles, LLC, of Charleston, for all respondents.

David A. Root, Kernodle Root & Coleman, of Charleston, for respondent Builders FirstSource;

Mason A. Goldsmith, Elmore Goldsmith, PA, of Greenville, for respondent Southern Concrete Specialties;

Michael B.T. Wilkes and Ellen S. Cheek, Wilkes Law Firm, PA, both of Spartanburg, for respondents Clear Clear View Construction, LLC, and Michael Franz.

FEW, C.J.

Marick Home Builders, LLC served as one of several general contractors for the construction of townhomes known as Stoneledge at Lake Keowee. The Stoneledge at Lake Keowee Owners' Association, Inc. ("Stoneledge") brought suit against Marick and others alleging construction defects in the townhomes. The circuit court granted summary judgment

against Marick on its cross-claims for breach of contract and breach of warranty, finding these claims were "merely disguised . . . claims for equitable indemnity and are not viable as alternative causes of action." We affirm.

## I. Facts and Procedural History

IMK Development Company developed a lakefront community known as Stoneledge at Lake Keowee. IMK hired Marick as a general contractor for the construction of townhomes in the community. Marick subcontracted with Builders FirstSource–Southeast Group, Southern Concrete Specialties, Inc., Clear View Construction, LLC, and others. Rick Thoennes is the principal of Marick.

In 2012, Stoneledge brought this lawsuit seeking damages resulting from construction defects that allowed water into the townhomes. Marick denied liability and brought cross-claims for breach of contract (including a claim for contractual indemnity), breach of warranty, negligence, and equitable indemnity. The cross-claim defendants included the respondents Builders FirstSource, Southern Concrete, Clear View and Michael Franz—Clear View's owner.

The respondents filed motions for summary judgment on all of Marick's cross-claims, which the circuit court granted. The circuit court found Marick's breach of contract and breach of warranty claims were "merely disguised . . . claims for equitable indemnity." The court explained the claims "stem from the potential liability Marick faces from the claims brought against it by [Stoneledge]" because "Marick is not alleging personal injury or property damage as to it[self]."

The court addressed Marick's claims for negligence and equitable indemnity in a separate order not at issue in this appeal. Marick filed a motion under Rule 59(e), SCRCP, which the circuit court denied.

## II. Summary Judgment

Rule 56(c) of the South Carolina Rules of Civil Procedure provides the circuit court shall grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." When the circuit court grants summary judgment on a ques-

tion of law, we review the ruling de novo. *Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008). "In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Quail Hill, LLC v. Cnty. of Richland,* 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010) (citation omitted). "However, it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." *Town of Hollywood v. Floyd,* 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013).

### A. Breach of Contract and Warranty Claims

Marick argues its cross-claims for breach of contract and breach of warranty are separate causes of action from its equitable indemnity claim, and thus, the circuit court erred in granting summary judgment.[1] We disagree.

■ "The character of an action is primarily determined by the allegations contained in the complaint." *Seebaldt v. First Fed. Sav. & Loan Ass'n,* 269 S.C. 691, 692, 239 S.E.2d 726, 727 (1977). The issue Marick raises—whether the circuit court properly interpreted its claims for breach of contract and breach of warranty as one claim for equitable indemnity—requires us to construe its cross-complaint, and thus presents a question of law. *See Monteith v. Harby,* 190 S.C. 453, 455, 3 S.E.2d 250, 250 (1939) ("The construction of a pleading involves a matter of law."). We therefore review the circuit court's ruling de novo. *Town of Summerville,* 378 S.C. at 110, 662 S.E.2d at 41; *see also Fields v. J. Haynes Waters Builders, Inc.,* 376 S.C. 545, 564, 658 S.E.2d 80, 90 (2008) (stating appellate courts review questions of law de novo).

■ In its cross-complaint, Marick alleged the following to support its claims for breach of contract and breach of warranty, respectively:

If [Stoneledge's] allegations are true, . . . [the respondents] have provided defective materials or services in breach of

---

1. We address in this opinion only the circuit court's decision to grant summary judgment on the breach of contract and breach of warranty cross-claims. We address the circuit court's ruling on the negligence cross-claim in a separate appeal.

each of their contracts with Marick.... [S]aid breach of contract has resulted or could result in damage to [Stoneledge], which could or will be assessed against Marick. If [Stoneledge's] allegations are true ..., [the respondents] breached their express and/or implied warranties.... Should [Stoneledge] prevail on [its] claims, Marick will be damaged as a direct and proximate result of [the respondents'] breach of their express and/or implied warranties.

Marick's allegations demonstrate it did not sustain its own damages as a result of any breach of contract or breach of warranty by the respondents. Rather, the allegations show Stoneledge is the party that suffered damages, and Marick's injuries arose exclusively from having to defend itself in Stoneledge's lawsuit. Consequently, the damages Marick seeks to recover resulted only from its potential liability to Stoneledge and from the expenses Marick incurred defending itself. When pressed at oral argument, Marick's counsel could not identify any damages it claimed in this lawsuit that did not arise exclusively from the claims made by Stoneledge.[2]

To support the finding that Marick's breach of contract and breach of warranty cross-claims were actually claims for equitable indemnity, the circuit court relied on two federal district court cases—*South Carolina National Bank v. Stone*, 749 F.Supp. 1419 (D.S.C.1990) and *United States Fidelity & Guaranty Co. v. Patriot's Point Development Authority*, 788 F.Supp. 880 (D.S.C.1992) (*USF & G*). In *Stone*, the defendants asserted cross-claims for breach of contract, negligence, and fraud against co-defendants that settled with the plaintiffs. 749 F.Supp. at 1432–33. The district court barred the non-settling defendants from asserting these cross-claims against the settling defendants because it found they were not independent causes of action. 749 F.Supp. at 1433. The court explained the cross-claims arose only if the non-settling defendants were liable to the plaintiffs, and "these purported causes

---

2. Counsel made several arguments that Marick suffered damages independent of those arising from the claims made by Stoneledge. However, we have carefully examined the record, particularly Marick's cross-complaint, and we find Marick did not allege any damages except those it suffered exclusively as a result of potential liability to Stoneledge. As for any damages Thoennes contends he sustained independent of the Stoneledge claim, see section II. C. of this opinion.

of action are nothing more than claims for ... indemnification with a slight change in wording." *Id.*

Similarly, in *USF & G*, the defendants argued they had "independent claims" against a co-defendant in addition to their claim for indemnification. 788 F.Supp. at 881 n. 1. The district court barred the defendants from bringing these claims, finding "without [the] plaintiffs suing the ... defendants[,] the 'independent claims' ... would not exist," and thus "these claims are really nothing more than claims for indemnity." *Id.*

We agree with *Stone* and *USF & G* and find the reasoning in those decisions applies to this case. Under Marick's own allegations, its cross-claims arose only when it faced potential liability for Stoneledge's damages and incurred fees and costs defending against Stoneledge's lawsuit. Marick's breach of contract and breach of warranty cross-claims are nothing more than claims for equitable indemnity.

Marick argues *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (1971), supports the argument that it may recover from the respondents under a breach of contract theory independent of its claim for equitable indemnity. *Addy* is one of the seminal cases in South Carolina on the theory of equitable indemnity. *See Town of Winnsboro v. Wiedeman–Singleton, Inc.*, 307 S.C. 128, 130, 414 S.E.2d 118, 120 (1992) (stating, "This Court has long recognized the principle of equitable indemnification," and citing *Addy* ). We agree *Addy* controls this case to the extent it shows Marick may assert a claim for equitable indemnity against the respondents. *See Addy*, 257 S.C. at 33, 183 S.E.2d at 709 (stating "where the wrongful act of the defendant has involved the plaintiff in litigation with others ... as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages"); *see also McCoy v. Greenwave Enter., Inc.*, 408 S.C. 355, 359, 759 S.E.2d 136, 138 (2014) ("In cases of ... equitable indemnification, 'reasonable attorney['s] fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.'" (second alteration in original) (quoting *Addy*, 257 S.C. at 33, 183 S.E.2d at 710)).

However, we do not read *Addy* to support Marick's separate claim for breach of contract. First, the only claim made by the *Addy* appellants was for indemnity. *See* 257 S.C. at 31, 183 S.E.2d at 709 ("The appellants also [in addition to their answer] filed a cross action against the respondent demanding judgment in an amount equal to any judgment which may be rendered against them in favor of the Addys, together with the costs of the action and attorney fees for defending such."); 257 S.C. at 32, 183 S.E.2d at 709 (stating "the appellants contend . . . [an indemnity] contract was created by operation of law and under such an implied contract of indemnity they are entitled to recover from the respondent the fees paid their attorneys in the successful defense of this action"); 257 S.C. at 32–33, 183 S.E.2d at 709 ("We think this appeal can be disposed of by a determination of the single question of whether the appellants . . . are entitled to recover their costs and attorneys' fees incurred in the successful defense of this action under an implied contract, or because they were put to the necessity of defending themselves against the lessees' claim by the tortious conduct of the contractor. . . ."); [3] 257 S.C. at 33, 183 S.E.2d at 709 (stating "the [appellants] seek to recover from the contractor the attorneys' fees incurred by them in defending themselves against the claim asserted by the tenants"). Second, the only theory of recovery the supreme court addressed in *Addy* was indemnity.

Finally, *Addy* is distinguishable from this case on the question of whether Marick may assert a claim for breach of contract. In *Addy*, the appellants suffered their own damages as a direct result of the contractor's conduct—independent of having to defend the lawsuit against them. As the supreme court explained, "the appellants . . . are the owners of a store building," and the dispute arose after "the appellants engaged . . . a general contractor . . . to make . . . needed repairs" to the building. 257 S.C. at 31, 183 S.E.2d at 708. "In making the necessary repairs the [contractor] used an oxygen acetylene torch for the purpose of welding certain steel beams in

---

**3.** This passage continues, "or by his breach of contract," words which appear in one other place in the opinion. 257 S.C. at 33, 183 S.E.2d at 709. However, the supreme court was not referring with these words to the appellants' right to recover for breach of contract, but to the contractor's conduct being a breach of the contract resulting in the fire.

the building. This welding operation started a fire in [the] building...." *Id.* Thus, to the extent *Addy* allowed a direct claim for breach of contract against the contractor, the claim would have been based on damages to the building that the *Addy* appellants suffered directly as a result of the fire. Unlike in this case, therefore, the *Addy* appellants did suffer their own damages independent of their obligation to defend themselves in the underlying lawsuit.

We find the circuit court properly granted summary judgment on Marick's breach of contract and breach of warranty cross-claims because they are not independent causes of action from Marick's equitable indemnity claim.

## B. Contractual Indemnity

Marick also argues it has a right of contractual indemnity against the respondents, and the circuit court erred in granting summary judgment on that claim. We disagree.

■ Marick contends it had contracts with the respondents that provided, "Subcontractor shall indemnify the Contractor ... from and against claims, damages, losses, expenses and fees arising out of or resulting from performance of the Subcontractors." However, the circuit court found Marick "offered no evidence that the contracts applied to the [Stoneledge] Project." In particular, the court found as a matter of law the contracts were executed in October 2007—after all respondents completed their work on the Stoneledge project.

The record supports the circuit court's finding. The only contracts in the record are dated either October 1 or October 31, 2007. Clear View submitted invoices to Marick showing Clear View received final payment for its work on the Stoneledge project before August 30, 2007. Builders FirstSource and Southern Concrete presented evidence they completed their work on the Stoneledge project in June 2007. A witness for Builders FirstSource testified the contract dated October 1, 2007 was not "the contract that governed the work" on the Stoneledge project "because it was signed after" Builders FirstSource finished its work on the project. The circuit court also noted the contracts do not state they govern the Stoneledge project.

In the face of this evidence, Marick was obligated to present evidence demonstrating a question of fact exists as to whether the contracts applied to the respondents' work on the Stoneledge project.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), SCRCP; *see also Lord v. D & J Enters., Inc.*, 407 S.C. 544, 553, 757 S.E.2d 695, 699 (2014) ("Once the moving party carries its initial burden, the opposing party must do more than rest upon the mere allegations or denials of his pleadings, but must, by affidavit or otherwise, set forth specific facts to show that there is a genuine issue for trial." (citing *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))); *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct.App.2004) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." (citing *Baughman*, 306 S.C. at 115, 410 S.E.2d at 545)).

The circuit court found Marick made no such showing, stating "to the extent Marick argues that it does have contracts with [the respondents] that contain indemnification provisions, it has offered no evidence that the contracts applied to the [Stoneledge] Project."

On appeal, Marick relies on one piece of evidence to support its position: the deposition testimony of a witness Builders FirstSource designated under Rule 30(b)(6), SCRCP. When the witness was asked whether there were "[a]ny contracts between you and any person or entity relating . . . to the [Stoneledge] project?" the witness answered, "My understanding, we had two contracts; one was [with a subcontractor], and the other one was with Marick Builders. They were our only two contracts in the project." Marick asserts this evidence creates a question of fact "concerning the Respondents' contractual obligations to indemnify Marick and [their] breach of

the Contracts for failing to abide by the 'Hold Harmless' Provision of the Contracts." We disagree.

First, the testimony does not contain specific facts showing a genuine issue for trial. In particular, because the witness did not identify any writing expressing the contract, his testimony would not support a finding that the "contract" is the same one, or even in the same form, as the one Marick presented from October 2007. Thus, the testimony would not support a finding that a contract applicable to Builders First-Source's work on the Stoneledge project contained an indemnity provision. It certainly does not support a finding that Southern Concrete or Clear View had a contract applicable to the Stoneledge project containing an indemnity provision. We find this evidence does not establish the existence of a genuine issue of material fact. *See Town of Hollywood,* 403 S.C. at 477, 744 S.E.2d at 166 ("[I]t is not sufficient for a party to create . . . an issue of fact that is not genuine.").

Second, we question the admissibility of the testimony. The mere existence of a contract does not indicate whether the contract contains an indemnity provision. This witness's testimony creates an issue of fact for trial only to the extent it proves the content of the contract—specifically that it contained an indemnity provision. However, Rule 1002 of the South Carolina Rules of Evidence provides, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required. . . ." Thus, the witness's testimony—without reference to a specific writing—is inadmissible to prove the contract contained an indemnity provision.

We find the circuit court correctly granted summary judgment on Marick's contractual indemnity claim. Because we affirm the circuit court's ruling as explained above, it is not necessary to address the other reasons the court gave for granting summary judgment on this issue. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when the court's resolution of the issues it does address are dispositive of the appeal).

## C. Thoennes's Appeal

In addition to the reasons set forth above, we affirm summary judgment as to Thoennes's breach of contract and

breach of warranty cross-claims because we find he presented no issues preserved for appeal. The circuit court found only Marick—not Thoennes—asserted cross-claims against the respondents. Thoennes did not file a Rule 59(e), SCRCP, motion to contest this finding and did not raise the finding as an issue on appeal or argue it in his brief. *See Ness v. Eckerd Corp.*, 350 S.C. 399, 403–04, 566 S.E.2d 193, 196 (Ct.App.2002) ("If a trial judge grants relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal." (citation and internal quotation marks omitted)); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

## III. Conclusion

The circuit court's order granting summary judgment is **AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.