LOCKEMY, C.J.:
D.R. Horton, Inc. (D.R. Horton) appeals the circuit court's order granting Builders FirstSource's (BFS) motion for summary judgment on D.R. Horton's claim for contractual indemnification and contribution. D.R. Horton argues on appeal the circuit court erred by 1) reading additional terms into the indemnification agreement, 2) finding it was equitably estopped from pursuing its contractual rights, 3) finding it was collaterally estopped from asserting its contractual rights, 4) finding the indemnification clause violated section 32-2-10 of the South Carolina Code (2007), and 5) finding that it did not sustain tort liability. We affirm.
FACTS
On February 5, 2001, D.R. Horton and BFS entered into a contract for BFS to construct several aspects of a home on Daniel Island. The contract included the following indemnification clause:
To the fullest extent permitted by law, contractor hereby agrees to protect, defend, indemnify, and hold owner, its parent corporation, subsidiaries and affiliates, and any of their respective officers, directors, partners, employees, agents and insurers, ... free and harmless from and against any and all claims, demands, causes of actions, suits, or other litigation of every kind and character (including all costs thereof and attorneys' fees), ... on account of bodily or personal injury, death, or damage to or loss of property, ... in any way occurring, incident to, arising out of, or in
connection with: (I) a breach of the warranties, representations, obligations, and covenants provided herein by contractor; (II) the work performed or to be performed by contractor or contractor's personnel, agents, suppliers, or permitted subcontractors; or (III) any negligent action and/or omission of the indemnitee related in any way to the work, even when the loss is caused by the fault or negligence of the indemnitee.
The agreement also required "all notices required pursuant to this Agreement or otherwise shall be in writing."
On June 12, 2008, Patricia Clark filed suit against D.R. Horton for damages resulting to her home after discovering alleged construction defects. In her complaint, Clark alleged D.R. Horton failed to properly install 1) the "siding and exterior wall system;" 2) "rough opening flashing and other flashing;" 3) a moisture barrier; 4) kick-out flashing; 5) framing; 6) the slab and driveway; 7) the roof and shingles; 8) and a gas hot water heater. Based on these allegations, Clark asserted claims against D.R. Horton for negligence, breach of contract, multiple breaches of warranty, and a violation of the South Carolina Unfair Trade Practices Act.
On April 1, 2009, the circuit court referred Clark's claims to arbitration. After a two day arbitration on December 10 and 11, 2009, the arbitrator awarded Clark $150,000. The arbitration award did not indicate what damages the arbitrator found compensable; rather, the award noted, "Counsel for the parties have requested an [o]rder containing a monetary award only."
Subsequently, D.R. Horton filed a complaint seeking contractual indemnification and contribution from BFS for recovery of the arbitration award and attorney's fees D.R. Horton incurred defending the Clark action. D.R. Horton alleged BFS was responsible, "in whole or in part," for the damages Clark suffered.
BFS answered D.R. Horton's complaint and thereafter filed a motion for summary judgment alleging D.R. Horton's claims for contribution "fail because [D.R. Horton's] actions in arbitrating the [Clark action], and *44 specifically requesting that the arbitrator not make findings of fact or conclusions of law, have rendered it impossible to ascertain" what damages D.R. Horton incurred as a result of BFS's actions. BFS asserted D.R. Horton's claims for contractual indemnity fail because the indemnity clause purports to require BFS to indemnify D.R. Horton for D.R. Horton's own negligence, and the lack of specificity in the arbitration award made any attempt to determine damages speculative. The circuit court denied the motion by Form 4 order on September 30, 2013.
BFS filed a motion to reconsider the circuit court's order. After a hearing, the circuit court granted BFS's motion to reconsider and granted partial summary judgment in favor of BFS on D.R. Horton's claims for indemnity and contribution. In its order, the circuit court found "it is undisputed that some of the allegations in the [Clark action] related to work performed by [BFS] and other allegations in the [Clark action] were related to the work of others." According to the circuit court, "[t]he plain reading of the indemnity clause is that [BFS] is only required to indemnify [D.R. Horton] with regard to lawsuits arising out of [BFS's] work. Further, to the extent that the indemnity clause does purport to require [BFS] to indemnify [D.R. Horton] for defects in the work of others the clause violates the public policy of South Carolina and violates the provisions of S.C. Code Ann. § 32-3-10." Accordingly, the circuit court granted BFS summary judgment for the portions of the arbitration award and attorney's fees attributable to the negligence of other contractors.
BFS filed a second motion for summary judgment on July 24, 2014. BFS alleged "[D.R. Horton] made a strategic decision to obtain an unreasoned 'monetary' arbitration award in the Clark [action].... [BFS] is entitled to summary judgment on the basis of waiver, equitable estoppel, and on the basis that any award of damages would be unreasonably speculative." After a hearing, the circuit court granted BFS's motion. The circuit court found "[t]he record before the [c]ourt does not contain any finding of tort liability from the [Clark action] and therefore [D.R. Horton] is not entitled to contribution." The circuit court noted, "[b]ecause the arbitration award contains no findings of fact or conclusions of law, it is impossible for the [c]ourt to determine what defects the arbitrator found at the residence." The circuit court found "[a]ny attempt to determine what portions of the [arbitration award] [are] attributable to the joint negligence of [BFS] and [D.R. Horton] would be an exercise in impermissible guesswork."
With respect to D.R. Horton's claims for contractual indemnity, the circuit court also granted BFS summary judgment. The circuit court reasoned that because there were no findings of law or fact in the arbitration award, there was no evidence that the award was attributable to property damage caused by defects in the materials supplied and installed by BFS. The circuit court also found D.R. Horton's contract with BFS provided BFS with the right to defend any suit implicating the indemnity provisions. Because the circuit court found D.R. Horton failed to provide written notice to BFS of the arbitration, the circuit court found D.R. Horton lost its right to indemnification. The circuit court also found D.R. Horton's failure to provide BFS with written notice of the arbitration acted as a waiver of D.R. Horton's right to indemnification, and that D.R. Horton was equitably estopped from requesting indemnification. As a matter of law, the circuit court found the indemnification clause violated section 32-2-10 as it purported to require BFS to indemnify D.R. Horton for D.R. Horton's own negligence; therefore, the clause was unenforceable. Finally, the circuit found D.R. Horton could not relitigate the issues it previously litigated in the Clark action. Accordingly, the circuit court granted BFS's motion for summary judgment on all claims. This appeal followed.
INDEMNIFICATION
D.R. Horton asserts the trial court erred by incorporating extra terms into the indemnification agreement and failing to require BFS pay the entire arbitration award and attorney's fees. We disagree.
"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."
*45 Savannah Bank, N.A. v. Stalliard , 400 S.C. 246, 250, 734 S.E.2d 161, 163 (2012) (quoting Fleming v. Rose , 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ). "Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law." Id . (quoting Fleming , 350 S.C. at 493, 567 S.E.2d at 860 ). "To withstand a motion for summary judgment 'in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence.' " Id . (quoting Hancock v. Mid-South Mgmt. Co., Inc. , 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ).
"Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." Campbell v. Beacon Mfg. Co. , 313 S.C. 451, 453, 438 S.E.2d 271, 272 (Ct. App. 1993). "A right of indemnity may arise by contract (express or implied) or by operation of law as a matter of equity." Id ."A contract of indemnity will be construed in accordance with the rules for the construction of contracts generally." Id .
"As a general rule, the evidence should allow the court or jury to determine the amount of damages with reasonable certainty or accuracy." Gauld v. O'Shaugnessy Realty Co. , 380 S.C. 548, 559, 671 S.E.2d 79, 85 (Ct. App. 2008). "Neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation." Id . (quoting Piggy Park Enters., v. Schofield , 251 S.C. 385, 391, 162 S.E.2d 705, 708 (1968) ).
D.R. Horton alleges the indemnification agreement requires BFS to pay for all $150,000 in damages awarded by the arbitrator and attorney's fees because at least one of the homeowner's claims involved BFS's work. D.R. Horton asserts "[t]he indemnification provision only requires a claim by a homeowner on account of damage to property arising out of the work of D.R. Horton's subcontractor." D.R. Horton essentially argues once a homeowner files suit regarding any work done by a subcontractor, and damages are awarded in that suit, the subcontractor is responsible for all damages awarded. We need not interpret the contract in question here because even under D.R. Horton's interpretation, it still could not recover based on the unreasoned[1] arbitration award here.
The trial court determined D.R. Horton's indemnification agreement violates section 32-2-10. That statute provides:
Notwithstanding any other provision of law, a promise or agreement in connection with the design, planning, construction, alteration, repair or maintenance of a building ... purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnitees against liability for damages arising out of bodily injury or property damage proximately caused by or resulting from the sole negligence of the promisee, its independent contractors, agents, employees, or indemnitees is against public policy and unenforceable. Nothing contained in this section shall affect a promise or agreement whereby the promisor shall indemnify or hold harmless the promisee or the promisee's independent contractors, agents, employees or indemnitees against liability for damages resulting from the negligence, in whole or in part, of the promisor, its agents or employees.
This statute allows D.R. Horton and BFS to agree that BFS will indemnify D.R. Horton for damages caused by BFS or its subcontractors. To the extent the trial court found that aspect of the agreement to be against public policy, we disagree. However, we agree that the indemnification clause is void as against public policy to the extent it purports to require BFS to indemnify D.R. Horton for damages caused by its negligence or the negligence of its subcontractors. We recognize our supreme court has generally held that a contract of indemnity may require a party to indemnify an indemnitee against its own negligence if the "intention is expressed in clear and unequivocal terms."
*46 Laurens Emergency Med. Specialists, PA v. M.S. Bailey & Sons Bankers , 355 S.C. 104, 111, 584 S.E.2d 375, 379 (2003) (quoting Fed. Pac. Elec. v. Carolina Production Enters. , 298 S.C. 23, 26, 378 S.E.2d 56, 57 (Ct. App. 1989) ). However, "[a]n illegal contract is unenforceable." Beach Co. v. Twillman, Ltd. , 351 S.C. 56, 64, 566 S.E.2d 863, 866 (Ct. App. 2002). The indemnification agreement in this case purports to require BFS to indemnify D.R. Horton for its own negligence in violation of section 32-2-10. Because the agreement violates the statute, we cannot require BFS to pay for damages caused by D.R. Horton.[2]
The inclusion of the illegal contractual indemnification term, along with an unreasoned award for damages only, proves fatal to D.R. Horton's claim for indemnification. The record is devoid of any evidence presented to the arbitrator, and any attempt to devine the reasoning for the arbitrator's award would be an exercise in speculation. Jenkins v. Few , 391 S.C. 209, 221, 705 S.E.2d 457, 463 (Ct. App. 2010) ("Because the verdict was a general verdict it is impossible to determine how the jury allocated damages...."); id . ("We will not speculate as to how the jury allocated damages."). D.R. Horton cannot ask the arbitrator to conceal its reasons for an award, which may have included damages caused by its own negligence, then ask the circuit court to award it damages that would be barred by statute. Because it is impossible to determine whether, and to what extent, the arbitrator's award included damages for D.R. Horton's own negligence, indemnification is inappropriate in this case.
CONTRIBUTION
D.R. Horton also alleges the trial court erred in finding it did not sustain tort liability, which is necessary for a contribution claim, because the claims in the Clark action were based, in part, on code violations. D.R. Horton asserts allegations of code violations would be considered negligence per se, subjecting it to tort liability.
The circuit court found "[t]he record before the [c]ourt does not contain any finding of tort liability from the [Clark action] and therefore [D.R. Horton] is not entitled to contribution." The allegations in the Clark action included causes of action for breach of contract, breach of warranty, negligence, and violation of the South Carolina Unfair Trade Practices Act. Because D.R. Horton failed to procure a specific verdict, opting instead for a general damages verdict, this court cannot determine whether D.R. Horton sustained tort liability. See Jenkins , 391 S.C. at 221, 705 S.E.2d at 463 ("Because the verdict was a general verdict it is impossible to determine how the jury allocated damages...."); id . ("We will not speculate as to how the jury allocated damages."). Furthermore, it would be impossible for a new jury to speculate on which defendant caused the awarded damages in order to determine the extent of any tort liability and whether D.R. Horton has paid more than its fair share. S.C. Code Ann. § 15-38-20(B) (2005) ("The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability....").
CONCLUSION
Based on the foregoing, we find the circuit court properly granted summary judgment to BFS because D.R. Horton cannot prove what damages it would be entitled to under the contractual indemnification provisions or pursuant to the contribution statute.[3] Accordingly, the order of the circuit court is
AFFIRMED .
HUFF and THOMAS, JJ., concur.

While we refer to this award as "unreasoned" we acknowledge there was evidence to support the award. We labeled it "unreasoned" for purposes of this opinion because the monetary award does not indicate what evidence the arbitrator used in coming to the decision.

D.R. Horton did not appeal the circuit court's finding that this provision violated the statute. Rather, D.R. Horton only argues the remaining indemnification provisions should require BFS to indemnify it regardless of the court's decision finding this provision unlawful.

Because our resolution of the contribution and indemnification issues are dispositive, we decline to address the remaining issues on appeal. See Futch v. McAllister Towing of Georgetown, Inc. , 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).