**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carol Simpson, Appellant,

v.

Frank A. Landgraff, Carol Sutton, Sutton & Associates Investigations, Inc., Defendants,

Of Whom Frank A. Landgraff is the Respondent.

Appellate Case No. 2015-000778

---

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-089
Heard December 5, 2017 – Filed February 21, 2018

---

**AFFIRMED**

---

William G. Mayer, of Law Office of William G. Mayer of Laurens, for Appellant.

Timothy E. Madden, Lane Whittaker Davis, and Reid T. Sherard, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent.

**PER CURIAM:**  Carol Simpson appeals the circuit court's order granting summary judgment in favor of Frank Landgraff, arguing (1) summary judgment was premature as she did not have a full and fair opportunity to complete discovery; (2) genuine issues of material fact precluded summary judgment; (3) the circuit court erroneously found her claims barred by the wrongful conduct bar; (4) the circuit court erroneously considered two inapplicable hypotheticals; and (5) the circuit court acknowledged evidence may have existed to negate the wrongful conduct bar.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  Under the facts of this case, we find twenty months constituted a full and fair opportunity to complete discovery.  *See Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) ("[S]ummary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *Middleborough Horizontal Prop. Regime Council of Co-Owners v. Montedison S.p.A.*, 320 S.C. 470, 479–80, 465 S.E.2d  765, 771 (Ct. App. 1995) (holding summary judgment was appropriate because the nonmoving party "advance[d] no good reason why four months was insufficient time under the facts of this case to develop documentation in opposition to the motion for summary judgment"); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 128, 542 S.E.2d 736, 743 (Ct. App. 2001) (holding the circuit court did not err in granting summary judgment because the record did not demonstrate that further discovery was necessary).

2.  We find no genuine dispute of material fact existed because Simpson failed to provide any evidence of one or more essential elements of each of her claims.  *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 413 S.C. 630, 640, 776 S.E.2d 434, 440 (Ct. App. 2015) ("Once the moving party carries its initial burden, the opposing party must do more than rest upon the mere allegations or denials of his pleadings, but must, by affidavit or otherwise, set forth specific facts to show that there is a genuine issue for trial." (quoting *Lord v. D & J Enters., Inc.*, 407 S.C. 544, 553, 757 S.E.2d 695, 699 (2014))); *Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 800

(Ct. App. 1999) ("The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." (citation omitted)). Simpson failed to show sufficient evidence of wrongful intrusion into private affairs because she did not provide evidence that the video was shown to anyone outside of the judicial or criminal investigative process. *See Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 172, 383 S.E.2d 2, 6 (Ct. App. 1989) ("In an action for wrongful intrusion into private affairs, the damage consists of the *unwanted exposure* resulting from the intrusion." (emphasis added)). Simpson further failed to provide sufficient evidence of all essential elements of her claim for intentional infliction of emotional distress. Specifically, she failed to provide evidence that Landgraff's intent was anything other than obtaining evidence of adultery to use in divorce proceedings against his wife or that he intended to cause Simpson severe emotional distress in recording her. *See Williams v. Lancaster Cty. Sch. Dist.*, 369 S.C. 293, 305, 631 S.E.2d 286, 293 (Ct. App. 2006) (explaining one essential element of a claim for intentional infliction of emotional distress is that "the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain such distress would result from his conduct"). Similarly, Simpson failed to provide sufficient evidence of her claim for civil conspiracy because she provided no evidence that Landgraff and the private investigator acted together, as separate entities, for the purposes of "causing special damage" to her. *See McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886–87 (2006) ("A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff. . . . [A] civil conspiracy cannot exist when the alleged acts arise in the context of a principal-agent relationship because by virtue of the relationship such acts to not involve separate entities.").

3. Because the foregoing issues are dispositive, we decline to address Simpson's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding the appellate court need not address appellant's remaining issue when its disposition of prior issues is dispositive).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**