**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Six Fifty Six Owners Association, Inc. and Robert John Nutley, individually, and on behalf of others similarly situated, Plaintiffs,

v.

Winsor South, LLC and Jeffrey M. Thomas, individually, and on behalf of a class of construction defendants; Southeastern Recapitalization Group, LLC; WCM Construction, LLC; Jonathan J. Thomas; AC Heating and Air Conditioning Service, Inc.; ACME Doors, Inc.; Alpha Omega Construction Group, Inc.; Atlantic Construction Services, Inc.; Buck Lumber and Building Supply, Inc.; Builders FirstSource, Inc.; Builders FirstSource-Atlantic Group, LLC; Builders FirstSource - Florida a/k/a Builders FirstSource-Florida Design Center, LLC; Builders FirstSource-Southeast Group, LLC; Charlotte Flooring, Inc.; Dirla Tawl Painting, Inc.; East Coast Wall Systems, Inc.; Fogel Services, Inc.; G&S Home Remodeling, LLC; Guaranteed Framing, LLC; J. Mora Brick & Block Mason, LLC; Land/Site Services, Inc.; Landmark Construction Company, Inc.; Lutzen Construction, Inc; New Horizon Shutters, Inc. a/k/a New Horizon Shutters International, LLC; PJ Sanchez Masonry, LLC; Screens Plus, Inc.; Simons Construction Company, LLC; Stucco by Design, LLC; Fine Builders, LLC; Speedtruss, Inc.; AS Construction; Javier Morales Merino; Novac Construction, Inc.; MJG Construction, Inc.; Advance Plumbing, Heating, and Air, Inc.; Ashley Steel, Inc.: Cahill Contracting, LLC; Cohen's Drywall, Inc.; Bob Porter d/b/a Custom Interior Construction; RB's Trim, Inc.; Sharon's Painting and Construction a/k/a

Sharon's Painting, LLC; Davis Tile; Timothy Mitchell; Electrical Design & Construction; Hurley Services, LLC; Charleston Exteriors LLC; Jorge Diaz aka Jorge Louis Paz; San Luis Construction, Inc. nka Roofing America Metal Fabrications, LLC; Rogerio Dos Santos dba Rogerio Santos Construction; Fabio Oliviera dba Four Season Siding; Sunrise Siding; Garcia Roofing, LLC; Espino Roofing, LLC; Migual Painting, LLC, Horacio Jasso; Standard Precast Walls, LLC; Alfonso Rodriguez Vazquez aka Alfonso Rodriguez, Sr.; and John Does 55-75, Defendants,

Of which Builders FirstSource-Southeast Group, LLC is the Appellant and Hurley Services, LLC is the Respondent.

Appellate Case No. 2020-001328

_____

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

_____

Unpublished Opinion No. 2025-UP-078
Heard December 5, 2023 – Filed March 12, 2025
Withdrawn, Substituted, and Refiled June 25, 2025

_____

**AFFIRMED**

_____

Stephen P. Hughes and William Hewitt Cox, III, both of Howell Gibson & Hughes, PA, of Beaufort, for Appellant.

Ian Wesley Freeman, of Ian Freeman Law, LLC, and Jennifer Sue Ivey and John Phillips Linton, Jr., both of Walker Gressette & Linton, LLC, all of Charleston, for Respondent.

_____

**PER CURIAM:** This litigation arises from alleged construction defects at Six Fifty Six Coleman Boulevard, a twelve-building townhome community in Mount Pleasant (the Project).  Builders FirstSource-Southeast Group, LLC (BFS) supplied windows and doors for nine of the Project's buildings; Hurley Services, LLC (Hurley) and Charleston Exteriors, LLC installed the windows and doors pursuant to their subcontractor agreements with BFS.  Each master subcontractor agreement (the Agreement) contains provisions requiring the subcontractor to defend and indemnify BFS from all suits resulting from property damage alleged to have arisen from the subcontractor's work.

After the Six Fifty Six Owners Association and property owners (Plaintiffs) brought suit against BFS, BFS filed third-party claims (and later, crossclaims) against Hurley and Charleston Exteriors for contractual indemnity, breach of express and implied warranties, breach of contract, and negligence.  BFS seeks recovery for any sums it "may pay in satisfaction" of Plaintiffs' claims "plus costs for defense, inclusive of attorneys' fees."  Although the parties settled with the Plaintiffs, BFS's claims against these subcontractors survived the settlement.

Hurley moved for summary judgment, and Charleston Exteriors joined in the motion.  Following a hearing, the circuit court granted summary judgment.  The circuit court denied BFS's subsequent Rule 59(e), SCRCP, motion.

BFS appealed, arguing the circuit court erred in: (1) granting summary judgment despite the presence of genuine issues of material fact; (2) finding BFS's indemnity claims are barred by the doctrine of collateral estoppel; (3) mischaracterizing the language of the Agreement as confusing and unenforceable; (4) finding the relevant contractual indemnity language did not meet the clear and unequivocal standard of *Concord & Cumberland Horizontal Property Regime v. Concord & Cumberland, LLC*, 424 S.C. 639, 819 S.E.2d 166 (Ct. App. 2018); and (5) deeming the contractual language violative of the laws and public policy of South Carolina.[1]

We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The circuit court properly rejected BFS's argument that the testimony of Plaintiffs' expert, Russell T. Mease, PE, established genuine issues of material fact

---

[1] BFS conceded that *Stoneledge at Lake Keowee Owners' Association, Inc. v. Builders FirstSource-Southeast Group*, 413 S.C. 630, 776 S.E.2d 434 (Ct. App. 2015) was dispositive of its breach of warranty, breach of contract, and negligence claims.  Only the contractual indemnity claim remains for our consideration.

regarding BFS's claim that Hurley negligently failed to install caulk on the inboard faces of the window nailing fins. Mease's only criticism regarding Hurley's window installation was that "there is no evidence at all of sealant behind the nailing fin." However, Mease did not look for this condition during destructive testing, and it is not featured in his report; only in hindsight did he consider exposed caulk during a review of photographs before the third day of his deposition. While Mease admitted the caulk would have been applied behind and obscured by each window's nail fins, he stated he was looking for signs that caulk may have squeezed out from behind the sill fin upon installation. But the windows Mease and other experts inspected had peel-and-seal flashing tape that completely covered the jamb fins along either side of each window as well as the head fin at the top of each window. More significantly, BFS had instructed its subcontractors *not to apply caulk* at these sill fin locations as a best practice so that incidental water could weep from the window and wall assembly.

In its appellate brief, BFS admits the substitution of flashing tape behind the sill flange in lieu of caulk was its standard practice, confirming BFS's sole—or, at best, concurrent—negligence as the basis for the window claims. And, Charleston Exteriors' corporate designee testified BFS "inspects everything from . . . taping the windows, butterflying the corners, to caulking the windows." Thus, we agree with the circuit court's finding that there exists no genuine issue of material fact precluding summary judgment.[2]

2. The circuit court did not err in finding collateral estoppel bars the contractual indemnity claims in this case. The indemnity clauses in the Agreement are the same clauses from the same form agreement that BFS previously litigated in *Builders FirstSource-Southeast Group, LLC v. M.I. Windows & Doors, Inc.*, 2018-CP-08-2547 (Berkeley, S.C., Ct. Common Pleas, Dec. 6, 2019). *See, e.g.*, *S.C. Prop. & Cas. Ins. Guar. Ass'n v. Wal-Mart Stores, Inc.*, 304 S.C. 210, 213, 403 S.E.2d 625, 627 (1991) (explaining that where the "illegality of the contract has been actually litigated and directly determined in the prior action and that issue was essential to the judgment," the application of offensive collateral estoppel is appropriate); *Judy v. Judy*, 383 S.C. 1, 7, 677 S.E.2d 213, 217 (Ct. App. 2009)

---

[2] We further note BFS holds an unlimited commercial general contractor's license and is responsible—by statute—for the work of its unlicensed subcontractors. *See* S.C. Code Ann. § 40-11-270(E) (Supp. 2024) ("The licensee is fully responsible for any violations of this chapter resulting from the actions of unlicensed subcontractors performing work for the licensee.").

(stating collateral estoppel prevents a party from relitigating an issue that was litigated and "determined by a valid and final judgment" in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same). The fact that an appeal in *MI Windows & Doors* was pending at the time of the circuit court's orders here does not change the result—the prior, unreversed judgment had preclusive effect. As we held in *Builders FirstSource-Southeast Group, LLC v. Palmetto Trim & Renovation*, the "prior findings have preclusive effect unless and until those dispositive findings are reversed." Op. No. 6099 (S.C. Ct. App. filed Feb. 12, 2025) (Howard Adv. Sh. No. 7 at 7, 34-35) (finding circuit court properly applied collateral estoppel despite pending appeal in *MI Windows & Doors* and explaining rationale for deeming cases on appeal to be final judgments for collateral estoppel purposes); *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) (finding the finality of a court's judgment is not lost because an appeal is pending unless and until the applicable finding is reversed).

3. The circuit court did not mischaracterize the language of the Agreement as confusing and unenforceable or err in finding the relevant contractual indemnity language failed to meet the clear and unequivocal standard. In *Concord & Cumberland*, this court rejected the general contractor's argument that general rules of contract should apply as opposed to the "clear and unequivocal" standard because the heightened standard applied whether the general contractor "sought indemnification for its sole or concurrent negligence." 424 S.C. at 646, 819 S.E.2d at 170. Here, the relevant provisions of the Agreement are not sufficiently clear and unequivocal to require Respondents to indemnify BFS for BFS's own negligence—whether sole or concurrent. "[O]ur supreme court has generally held that a contract of indemnity may require a party to indemnify an indemnitee against its own negligence if the 'intention is expressed in clear and unequivocal terms.'" *D.R. Horton, Inc. v. Builders FirstSource-Se. Grp., LLC*, 422 S.C. 144, 152, 810 S.E.2d 41, 45 (Ct. App. 2018) (quoting *Laurens Emergency Med. Specialists, PA v. M.S. Bailey & Sons Bankers*, 355 S.C. 104, 111, 584 S.E.2d 375, 379 (2003)). Because the challenged provisions of the Agreement are not sufficiently clear and unequivocal to require the subcontractors to indemnify BFS for BFS's own negligence, the circuit court correctly granted summary judgment. *See Palmetto Trim & Renovation,* Op. No. 6099, at 24-31 (addressing the indemnity language in BFS's master subcontract Agreements and affirming circuit court's eight orders granting partial summary judgment to BFS's subcontractors).

4. The circuit court correctly deemed the language of the Agreement upon which BFS seeks contractual indemnity to be violative of South Carolina law and public policy. *See* S.C. Code Ann. § 32-2-10 (Supp. 2024) ("Notwithstanding any other

provision of law, a promise or agreement in connection with the design, planning, construction, alteration, repair or maintenance of a building [or] structure . . . purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnitees against liability for damages arising out of bodily injury or property damage proximately caused by or resulting from the sole negligence of the promisee . . . is against public policy and unenforceable."); *D.R. Horton,* 422 S.C. at 152, 810 S.E.2d at 46 ("The indemnification agreement in this case purports to require BFS to indemnify D.R. Horton for its own negligence in violation of section 32-2-10. Because the agreement violates the statute, we cannot require BFS to pay for damages caused by D.R. Horton."); *Palmetto Trim & Renovation*, Op. No. 6099 at 31-32 (affirming the circuit court's findings that contractual indemnity language in two versions of BFS's Agreement are unenforceable under section 32-2-10).

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**